Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Andres Navarro (SBN 358499)
anavarro@donigerlawfirm.com
**DONIGER/BURROUGHS**
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELLIOT MCGUCKEN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FAIRCLOUD HOSPITALITY SYSTEMS INC, a Delaware corporation; FAIRBRIDGE HOTELS INTERNATIONAL INC., a Delaware corporation; and DOES 1-10,<br><br>Defendants. | Case No.: 3:26-cv-10123<br><br>COMPLAINT FOR:<br><br>1. Copyright Infringement<br>2. Contributory Copyright Infringement<br>3. Vicarious Copyright Infringement<br>4. Violation of the DMCA: 17 U.S.C. § 1202<br><br><u>Jury Trial Demanded</u> |

Plaintiff Elliot McGucken ("Plaintiff" or "McGucken"), by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## **JURISDICTION AND VENUE**

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

4. This Court has personal jurisdiction over Defendants because they maintain their principal places of business and/or offices within the State of California and this judicial district, are registered and/or authorized to do business in California, and have purposefully directed their business activities at California, including the operation, management, franchising, and/or licensing of hotel properties and of the FairBridge-branded websites at issue. The claims alleged herein arise out of and relate to Defendants' contacts with this forum.

## **PARTIES**

5. Plaintiff Elliot McGucken is an individual residing in Los Angeles County.

6. On information and belief, McGucken alleges that Defendant FairCloud Hospitality Systems Inc. doing business as "FairBridge Inn & Suites" ("FairCloud") is a Delaware corporation doing business in and with the State of California and this district, including through its office at 5976 West Las Positas Blvd, Suite 230, Pleasanton, California 94588.

7. On information and belief, McGucken alleges that FairCloud operates, manages, franchises, and/or licenses the network of "FairBridge Inn & Suites"-branded hotel properties and their related websites, including the property located in Missoula, Montana, and owns, operates, controls, and/or has the right and ability to control the content published on the property websites bearing the FairBridge brand, including without limitation www.fairbridgemissoula.com. Faircloud derives revenue from the reservation and sale of lodging and related services promoted and marketed through those websites.

8. On information and belief, McGucken alleges that Defendant Fairbridge Hotels International Inc. ("FHI") is a Delaware corporation, doing business as "FairBridge," with its principal place of business located at 3699 Brodie Way, Dublin, California 94568, and doing business in and with the State of California and this district. On information and belief, FHI is the owner of United States Trademark Registration No. 4,978,117 for the "FAIRBRIDGE" mark, together with a family of related FAIRBRIDGE marks, registered in connection with hotel accommodation services and hotel and motel services, and is the franchisor and/or licensor of the "FairBridge Inn & Suites"-branded hotel system under which the property at issue and the website www.fairbridgemissoula.com were operated. On information and belief, FHI does business as, and holds itself out to the public under, the "FairBridge" and "FairBridge Inn & Suites" names and marks, and FHI and FairCloud each do business under, and operate as a common enterprise through, the FairBridge brand, including with respect to the property and website at issue. On information and belief, FHI owns, licenses, and/or has the right and ability to control the FairBridge brand and the standards, advertising, marketing, and content of the FairBridge-branded property websites, including without limitation www.fairbridgemissoula.com, and derives revenue, including franchise and/or licensing fees and royalties, from the operation of those properties and websites.

9. On information and belief, McGucken alleges that Defendants DOES 1 through 10 (together with FairCloud and FHI, "Defendants"), inclusive, are other parties not yet identified who have infringed McGucken's copyrights, have contributed to the infringement of McGucken's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to McGucken, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

10. On information and belief, McGucken alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of McGucken's rights and the damages to McGucken proximately caused thereby.

## CLAIMS RELATED TO THE SUBJECT PHOTOGRAPH

11. McGucken is an accomplished and critically acclaimed landscape photographer. His works have appeared in The Smithsonian Magazine, The National Parks Magazine, and other fine arts publications. He has authored numerous books and won over 100 photographic awards. The Subject Photograph is an original work of authorship that embodies McGucken's creative choices, including his selection of subject, composition, framing, perspective, timing, lighting, and post-production treatment.

12. McGucken is the sole author, creator, and owner of the original photograph depicted below (the "Subject Photograph").

13. McGucken has complied in all respects with the Copyright Act, 17 U.S.C. § 101, et seq., and is the sole owner of all right, title, and interest in and to the Subject Photograph, which McGucken registered with the United States Copyright Office effective prior to the filing of this action.

14. Prior to the acts complained of herein, McGucken published, widely publicly displayed, and disseminated the Subject Photograph, including without limitation on McGucken's website www.mcgucken.com, as well as through his online profiles, social media accounts, press coverage, and physical exhibitions. In each such publication, the Subject Photograph was displayed together with copyright management information identifying McGucken as its author and owner.

15. On information and belief, following McGucken's dissemination and display of the Subject Photograph, McGucken alleges that Defendants, and each of them, copied and used the Subject Photograph for commercial purposes including, without limitation, by reproducing and prominently displaying the Subject Photograph online at the website www.fairbridgemissoula.com (the "website"), which was owned, operated, controlled, and/or maintained by FairCloud and/or FHI, in order to promote, advertise, and sell lodging and related hospitality services (the "Infringing Use"). The Infringing Use was made widely and publicly available online. True and correct copies of the Subject Photograph and non-inclusive screen captures of the Infringing Use are included below.

//

//

//

//

//

//

**SUBJECT PHOTOGRAPHY**



**INFRINGING USE**




16. As demonstrated by the comparison above, the Infringing Use is an identical, verbatim reproduction of the Subject Photograph and copies each of the original, protectible elements of McGucken's work, including its composition, framing, perspective, lighting, color, and post-production treatment. There is no material difference between the Subject Photograph and the Infringing Use other than Defendants' unauthorized alteration of, and substitution of false, copyright management information as alleged below.

17. On August 6, 2025, McGucken, through his attorneys, sent Defendants, through the emails listed on the website, a written demand to cease and desist their

infringing uses of the Subject Photograph. Defendants received the demand and thereby obtained actual knowledge of McGucken's ownership of the Subject Photograph and of the infringing nature of their conduct. Notwithstanding this actual notice, Defendants failed to reasonably resolve the matter and continued the Infringing Use, requiring this action.

18. McGucken has not in any way authorized Defendants, or any of them, or any third party acting on their behalf, to copy, reproduce, display, distribute, create derivative works of, or otherwise use or exploit the Subject Photograph.

**FIRST CLAIM FOR RELIEF**

**(Copyright Infringement - Against All Defendants, and Each)**

19. McGucken repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

20. McGucken is the owner of a valid and subsisting copyright in the Subject Photograph, an original work of authorship fixed in a tangible medium of expression, and has complied in all respects with the Copyright Act, including by registering the Subject Photograph with the United States Copyright Office as alleged above. McGucken holds the exclusive rights set forth in 17 U.S.C. § 106, including the exclusive rights to reproduce, distribute, publicly display, and prepare derivative works based upon the Subject Photograph.

21. On information and belief, McGucken alleges that Defendants, and each of them, had access to the Subject Photograph, including, without limitation, through (a) viewing McGucken's website, online profiles, publications, and features; (b) McGucken's social media accounts and third-party platforms on which the Subject Photograph was displayed (e.g., Instagram, Twitter/X, Pinterest, and internet search engines); (c) online publications and press coverage featuring McGucken's works; and (d) copies of the Subject Photograph illegally distributed

by third-party vendors and/or Doe Defendants. Access is further evidenced by the Subject Photograph's exact, verbatim reproduction in the Infringing Use.

22. On information and belief, McGucken alleges that Defendants, and each of them, without McGucken's authorization or consent, violated McGucken's exclusive rights under 17 U.S.C. § 106 by copying, reproducing, publicly displaying, and distributing the Subject Photograph in the Infringing Use for commercial benefit, as set forth above, in violation of 17 U.S.C. § 501.

23. On information and belief, McGucken alleges that Defendants, and each of them, infringed McGucken's copyrights by creating infringing derivative works from the Subject Photograph and publishing and distributing the same to the public.

24. Due to Defendants', and each of their, acts of infringement, McGucken has suffered general and special damages in an amount to be established at trial.

25. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of McGucken's rights in the Subject Photograph. As such, McGucken is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of McGucken's rights in the Subject Photograph in an amount to be established at trial.

26. On information and belief, McGucken alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

**<u>SECOND CLAIM FOR RELIEF</u>**

**(For Contributory Copyright Infringement - Against All Defendants, and Each)**

27. McGucken repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

28. On information and belief, McGucken alleges that one or more third parties, including without limitation DOES 1 through 10 — such as the web developers, marketing agents, vendors, and/or franchisee operators retained, engaged, or authorized by Defendants to create, populate, and maintain the FairBridge-branded website www.fairbridgemissoula.com — directly infringed McGucken's copyright in the Subject Photograph by reproducing, publicly displaying, and distributing the Subject Photograph as part of the Infringing Use without McGucken's authorization.

29. On information and belief, McGucken alleges that Defendants, and each of them, knew or had reason to know of the infringing activity. Defendants had, at a minimum, actual knowledge of the infringement upon receipt of McGucken's August 6, 2025 cease-and-desist demand, and constructive knowledge arising from their ownership, operation, and control of the FairBridge-branded website on which the Infringing Use appeared. Despite such knowledge, Defendants continued to authorize and failed to remove the Infringing Use.

30. On information and belief, McGucken alleges that Defendants, and each of them, knowingly induced, caused, and materially contributed to the infringing conduct by, among other things, creating, commissioning, directing, hosting, branding, and maintaining the website through which the Subject Photograph was reproduced and displayed; by providing the means, platform, and instrumentalities for the infringement; and by continuing to authorize and facilitate the Infringing

Use after receiving notice of McGucken's rights. Defendants' conduct was a material and substantial cause of the infringement alleged herein.

31. On information and belief, McGucken alleges that FairCloud knowingly and materially contributed to, induced, and facilitated the infringement of the Subject Photograph. As the operator of the "FairBridge Inn & Suites"-branded property in Missoula, Montana and of the website www.fairbridgemissoula.com, FairCloud retained, engaged, directed, and/or authorized the web developers, marketing agents, and vendors (including the Doe Defendants) who created, populated, and maintained that website and posted the Infringing Use, and FairCloud furnished the website, hosting, branding, content, and instrumentalities through which the Infringing Use was published to the public. FairCloud had actual knowledge of the infringement no later than its receipt of McGucken's August 6, 2025 cease-and-desist demand, yet continued to host, authorize, and fail to remove the Infringing Use. FairCloud's conduct was a material and substantial cause of the infringement alleged herein.

32. On information and belief, McGucken alleges that FHI knowingly and materially contributed to, induced, and facilitated the infringement by licensing and authorizing use of the "FAIRBRIDGE" mark and brand in connection with the property and website at issue; by promulgating, requiring, and controlling the brand standards, advertising, and website content under which www.fairbridgemissoula.com was created and maintained; and by continuing to license and permit use of the FairBridge brand in connection with the Infringing Use after McGucken's rights were made known. FHI thereby provided the brand, means, and instrumentalities through which the Infringing Use was published, and derived franchise and/or licensing fees and royalties therefrom.

33. By reason of Defendants', and each of their, acts of contributory infringement as alleged above, McGucken has suffered general and special damages in an amount to be established at trial.

34. Due to Defendants' acts of contributory copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of McGucken's rights in the Subject Photograph. As such, McGucken is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of McGucken's rights in the Subject Photograph, in an amount to be established at trial.

35. On information and belief, McGucken alleges that Defendants, and each of them, have committed acts of contributory copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## THIRD CLAIM FOR RELIEF

**(For Vicarious Copyright Infringement - Against All Defendants, and Each)**

36. McGucken repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

37. On information and belief, McGucken alleges that one or more third parties, including without limitation DOES 1 through 10 (such as the web developers, marketing agents, vendors, and/or franchisee operators retained, engaged, or authorized by Defendants), directly infringed McGucken's copyright in the Subject Photograph by reproducing, publicly displaying, and distributing the

Subject Photograph as part of the Infringing Use without McGucken's authorization.

38. On information and belief, McGucken alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise, control, and stop the infringing conduct. Defendants owned, operated, controlled, hosted, and/or had the contractual and practical authority to direct the content of the FairBridge-branded website www.fairbridgemissoula.com and the third parties who created and maintained it, including the right to require removal of the Subject Photograph, and Defendants declined and/or failed to exercise that right to prevent the infringement.

39. On information and belief, McGucken alleges that FairCloud had the right and ability to supervise, control, and stop the infringing conduct. As the operator of the property and of the website www.fairbridgemissoula.com, FairCloud owned, operated, hosted, and/or controlled that website and directed the web developers, agents, and vendors (including the Doe Defendants) who created and maintained it, and had the authority to direct the content displayed on the website and to require removal of the Subject Photograph. FairCloud declined and/or failed to exercise that right to prevent the infringement.

40. On information and belief, McGucken alleges that FHI, as the owner of the "FAIRBRIDGE" mark and the franchisor and/or licensor of the FairBridge-branded hotel system, had the right and ability to supervise, control, and stop the infringing conduct, including through its franchise and/or license agreements and brand standards governing the advertising, marketing, and content of the FairBridge-branded property websites, and had the contractual and practical authority to require correction or removal of the Infringing Use from www.fairbridgemissoula.com. FHI declined and/or failed to exercise that right to prevent the infringement.

41. On information and belief, McGucken alleges that Defendants, and each of them, had a direct financial interest in the infringing conduct. The Subject Photograph is a striking, professional landscape image that served as a draw to attract, entice, and retain customers to the FairBridge-branded property and to promote and sell lodging, reservations, and related hospitality services. Defendants derived revenue and commercial benefit directly attributable to the display of the Subject Photograph, including increased bookings and the enhanced marketability of their property, and avoided the licensing fees they would otherwise have paid to use professional photography of comparable quality. The availability of the infringing imagery thus acted as a draw for Defendants' commercial business.

42. On information and belief, McGucken alleges that FairCloud had a direct financial interest in the infringing conduct. The Subject Photograph served as a draw that promoted the "FairBridge Inn & Suites"-branded property and its lodging services, and FairCloud derived revenue and commercial benefit directly attributable to the display of the Subject Photograph, including reservations and lodging revenue and the enhanced marketability of the property, while avoiding the licensing fees it would otherwise have paid to use professional photography of comparable quality.

43. On information and belief, McGucken alleges that FHI had a direct financial interest in the infringing conduct because it derived franchise and/or licensing fees and royalties tied to the operation, marketing, and revenue of the FairBridge-branded property and website on which the Infringing Use appeared, and because the infringing imagery served as a draw for the property's lodging business that directly benefited FHI. FHI further avoided the licensing fees it would otherwise have paid to use professional photography of comparable quality in connection with the FairBridge brand.

44. By reason of Defendants', and each of their, acts of vicarious infringement as alleged above, McGucken has suffered general and special damages in an amount to be established at trial.

45. Due to Defendants' acts of vicarious copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of McGucken's rights in the Subject Photograph. As such, McGucken is entitled to disgorgement of Defendants' profits directly and indirectly attributable to their infringement of McGucken's rights in the Subject Photograph, in an amount to be established at trial.

46. On information and belief, McGucken alleges that Defendants, and each of them, have committed acts of vicarious copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## FOURTH CLAIM FOR RELIEF

**(For Violation of 17 U.S.C. § 1202(a) and (b) - Against All Defendants, and Each)**

47. McGucken repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

48. McGucken routinely published and distributed the Subject Photograph together with copyright management information ("CMI") within the meaning of 17 U.S.C. § 1202(c), including, without limitation, McGucken's name, his mark and/or watermark, copyright notices, title and authorship information, company name, and embedded metadata identifying McGucken as the author, owner, and

copyright claimant of the Subject Photograph. This CMI was prominently displayed and conveyed in connection with copies of the Subject Photograph that were publicly available and accessible to Defendants.

49. On information and belief, McGucken alleges that Defendants, and each of them, in violation of 17 U.S.C. § 1202(b), intentionally removed and/or altered McGucken's CMI from the Subject Photograph, and/or distributed copies of the Subject Photograph knowing that McGucken's CMI had been removed or altered without authority, when they copied the Subject Photograph and incorporated it into the Infringing Use stripped of McGucken's identifying CMI.

50. On information and belief, McGucken alleges that Defendants, and each of them, did so knowing, or having reasonable grounds to know, that such removal, alteration, and/or distribution would induce, enable, facilitate, or conceal an infringement of McGucken's rights in the Subject Photograph.

51. On information and belief, McGucken alleges that Defendants, and each of them, in violation of 17 USC § 1202(a), knowingly and with the intent to induce, enable, facilitate, or conceal infringement provided false copyright management information when they added their own logo, bylines, and attribution to the Subject Photograph within the Infringing Use, as depicted in the Infringing Use, even after Defendants were put on notice of McGucken's ownership of the Subject Photograph. This includes that Defendants' company logo was added to the Subject Photograph and written below the Infringing Use was, "Copyright © Fairbridge Missoula - All Rights Reserved."

52. On information and belief, McGucken alleges that Defendants, and each of them knew, that they were providing false copyright management information to their copies of the Subject Photograph and distributing copyright management information that was false at the time it distributed its unauthorized copies of the Subject Photograph.

53. Defendants, and each of them, falsified the copyright management information relevant to the Subject Photograph knowing that it would conceal and facilitate the infringement at issue.

54. The above conduct is in violation of the Digital Millennium Copyright Act and exposes Defendants, and each of them, to additional and enhanced common law and statutory damages, attorneys' fees, and penalties pursuant to 17 USC § 1203 and other applicable law.

55. Because Defendants, and each of them, both removed and/or altered McGucken's CMI in violation of Section 1202(b) and provided and distributed false CMI in violation of Section 1202(a), McGucken is entitled to separate statutory damages awards for each such violation, together with actual damages, Defendants' profits, attorneys' fees, and costs, pursuant to 17 U.S.C. § 1203.

56. On information and belief, McGucken alleges that Defendants', and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, and McGucken resultantly seeks enhanced damage and penalties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

### Against all Defendants, and Each:

With Respect to Each Claim for Relief:

**a.** That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyright in the Subject Photograph, including, without limitation, an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, Plaintiff's photography, including without limitation the Subject Photograph, from any print, web, or other publication owned, operated, or controlled by any Defendant;

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and/or, to the extent available, statutory damages as available under the 17 U.S.C. § 504, 17 U.S.C. § 1203, and other applicable law.

c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

d. That Plaintiff be awarded his attorneys' fees as available under the Copyright Act U.S.C. §§ 505, 1203, *et seq.*;

e. That Plaintiff be awarded his costs and fees under the statutes set forth above;

f. That Plaintiff be awarded statutory damages and/or penalties under the statues set forth above;

g. That Plaintiff be awarded pre-judgment interest as allowed by law;

h. That Plaintiff be awarded the costs of this action; and

i. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: September 9, 2026 By: *<u>/s/ Scott Alan Burroughs</u>*
Scott Alan Burroughs, Esq.
Andres Navarro, Esq.
**DONIGER / BURROUGHS**
*Attorneys for Plaintiff*